**STATE of Missouri, Respondent,**

v.

**Maurice FORD a/k/a Clarence Ford, Appellant.**

**No. 42936.**

Missouri Court of Appeals, Eastern District, Division Three.

Aug. 17, 1982.

Motion for Rehearing and/or Transfer Denied Oct. 15, 1982.

Robert M. Paskal, Clayton, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Westfall, Pros. Atty., St. Louis, for respondent.

CRIST, Judge.

Defendant appeals from a jury conviction of first degree burglary, first degree robbery, attempted rape, and kidnapping. Sections 569.160, 569.020, 564.011 and 566.030, and 565.110, RSMo.1978, respectively. Defendant was sentenced to serve ten years for the burglary, a consecutive term of fifteen years for the robbery, a consecutive term of ten years for the attempted rape, and a concurrent term of five years for the kidnapping. We affirm.

Defendant, armed with a gun, broke into the home of the victim in the early morning hours of September 2, 1979. The victim was a widowed sixty-nine year old paraplegic suffering from spinal arthritis. Victim's sister lived in the house with victim to help care for her.

When victim heard strange noises outside her back door, she called a neighbor to have the neighbor call police as per a longstanding agreement between them. When defendant entered victim's bedroom, he forced the sister back to her room, threatened her, shut the door and returned to victim's room. He closed the drapes, placed a revolver to victim's temple, and demanded money. Victim handed defendant an envelope containing approximately $83.00. Defendant counted the money and told victim of his intent to rape her. He removed his shirt and shoes and lay atop the victim. Defendant got up after a short time, left the room, but returned to pull the covers off victim and once more lay atop her. By this time police arrived, entered through the back door and apprehended the partially disrobed defendant. Police seized defendant's gun under victim's pillow and discovered $83.00 on his person.

Defendant advances but one point of error: that the trial court abused its discretion in allowing victim to testify at trial from a stretcher. Defendant contends the victim's testimony, while lying on a stretcher, denied him a fair trial by provoking the juror's prejudices and sympathies.

Victim's paralysis was in no way caused or exacerbated by defendant's criminal behavior. When deposed prior to trial, victim testified her condition made her unable to stand but that she could and did get around her home in a wheelchair. Because of pain associated with her spinal arthritis, however, victim was unable to remain seated in the wheelchair for periods exceeding thirty to forty-five minutes. Defendant's counsel was thereby aware the victim might have to testify from a stretcher.

During voir dire of the jury panel, defense counsel examined possible prejudices resulting from such testimony. Immediately prior to the state calling victim to testify, defense counsel approached the bench and objected to victim testifying from a stretcher. The trial court heard the arguments of counsel and overruled his objections. Defense counsel's motion for mistrial was also overruled.

In *State v. Brown*, 443 S.W.2d 805, 807–08 (Mo.banc 1969), the defendant lodged similar objections to the shooting victim testifying from a stretcher. The Supreme Court concluded the trial court did not abuse its discretion in allowing the victim to so testify. "The objections relate to an area in which the trial court necessarily has considerable discretion. . . . The trial court was present and was in a much better posi-

tion to judge these matters than are we on the basis of the record presented to us on appeal." *Id.* at 808. We find no abuse of discretion.

Judgment affirmed.

REINHARD, P.J., and SNYDER, J., concur.